```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
SPACE COAST CREDIT UNION, as Successor in
Interest to EASTERN FINANCIAL FLORIDA
CREDIT UNION,

                    Plaintiff,                11 Civ. 2802 (LLS)

          - against -                         MEMORANDUM AND ORDER

BARCLAYS CAPITAL, INC., BARCLAYS BANK
PLC, STATE STREET GLOBAL ADVISORS,
STATE STREET BANK AND TRUST COMPANY,
and STATE STREET CORPORATION,

                    Defendants.
-----------------------------------X
```

ORIGINAL
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3·20·12

The issues raised by defendants' motion to dismiss the complaint are disposed of as follows, bearing in mind that on such a motion the court "must accept all factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to the plaintiff, and construe the complaint liberally," Rescuecom Corp. v. Google Inc., 562 F.3d 123, 127 (2d Cir. 2009), and should dismiss the complaint if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Allegations of fraud must be dismissed if plaintiff does not "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b).

A.

1.

Dismissal of counts 1, 3, 4, 5, and 6 is denied because plaintiff alleges that Barclays Capital, Inc. ("BarCap") and State Street Global Advisors ("SSGA") represented that SSGA, a purportedly "independent, third-party collateral manager," would select the collateral for the collateralized debt obligation ("CDO") known as Markov CDO I. That qualifies as an "untrue statement of material fact" made "in connection with the purchase or sale of a security," see 17 C.F.R. § 240.10b-5(b) (2011), if in fact BarCap "possessed effective control over the selection of Markov's collateral," see Compl. ¶¶ 156-60, and "used such control to fill Markov with hundreds of millions of dollars worth of collateral that served its own (short) interest," id. ¶ 158.

The complaint alleges facts giving plausibility to those conclusions, see id. ¶ 159 ("by filling Markov with collateral assets that Barclays believed would fail, Barclays sought to ensure that its 'short' bet it had constructed through Markov paid off"); id. ¶ 294 ("Barclays granted 'consent' to bad assets, not to good ones; assets meant to drain Plaintiff's and other Markov investors' principal through swap to Barclays rather than conserve it."), and that SSGA chose to cede power to BarCap, since BarCap likely would have used another collateral

manager had SSGA refused, see id. ¶ 176 ("if collateral managers insisted upon maintaining independence and control over collateral selection, banks 'froze out' such stubborn collateral managers from further CDO collateral management assignments"); id. ¶ 177 ("Barclays in fact possessed veto power over Markov's collateral, and used such power to ensure that the structural loophole it created for Markov . . . was fully exploited to serve Barclays' short interest in Markov.").

### 2.

Defendants argue that because of the vast disclosures in Markov's offering documents, plaintiff's predecessor, Eastern Financial, a sophisticated investor, could not have reasonably relied on any alleged misrepresentations. However, "Whether or not reliance on alleged misrepresentations is reasonable in the context of a particular case is intensely fact-specific and generally considered inappropriate for determination on a motion to dismiss." Maloul v. Berkowitz, No. 07 Civ. 8525 (LBS), 2008 WL 2876532, at *2 (S.D.N.Y. July 23, 2008). Whether Eastern Financial's reliance was reasonable is not susceptible to decision as a matter of law, but left to further factual development.

### 3.

Defendants' argument that plaintiff is time barred from bringing his securities fraud claim, which cannot accrue until

"the plaintiff discovers - or a reasonably diligent plaintiff would have discovered - the facts constituting scienter," City of Pontiac Gen. Emps.' Ret. Sys. V. MBIA, Inc., 637 F.3d 169, 174 (2d Cir. 2011), likewise turns on questions of fact. Although a court may dismiss a complaint on statute of limitations grounds where "the facts needed for determination of when a reasonable investor of ordinary intelligence would have been aware of the existence of fraud can be gleaned from the complaint and papers such as the prospectuses and disclosure forms that are integral to the complaint," Dodds v. Cigna Sec., Inc., 12 F.3d 346, 352 n.3 (2d Cir. 1993), that is not the case here: the complaint and offering documents cognizable on this motion do not resolve the issue of when a reasonably diligent plaintiff could have first discovered that BarCap, and not SSGA, was in fact selecting Markov's collateral.

4.

Because the elements of common-law fraud in New York are "substantially identical to those governing § 10(b)," Morse v. Weingarten, 777 F. Supp. 312, 319 (S.D.N.Y. 1991), the complaint also states a claim for fraud in the inducement, fraudulent concealment, and aiding and abetting fraud under New York law.

B.

Since plaintiff does not sufficiently allege that State

4

Street Corporation "was, in some meaningful sense, a culpable participant in" SSGA's alleged fraud, it does not state a claim against State Street Corporation for controlling person liability under section 20(a) of the Securities and Exchange Act of 1934. See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 108 (2d Cir. 2007). The conclusory allegation that State Street Corporation was "aware or directly participated in a continuous course of conduct to conceal adverse material information about the purpose of the CDO, the CDO's collateral selection process, the independence of the collateral manager, the nature of the collateral and the risk of investing in the CDO," Compl. ¶ 417, provides no particularized facts and thus does not state a section 20(a) claim. See Kalin v. Xanboo, Inc., 526 F. Supp. 2d 392, 406 (S.D.N.Y. 2007) ("in order to withstand a motion to dismiss, a section 20(a) claim must allege, at a minimum, particularized facts of the controlling person's conscious misbehavior or recklessness"). Count 2 is therefore dismissed as against State Street Corporation.

### c.

Plaintiff's allegation that "SSGA had superior access to information and knowledge as to who had been responsible for selecting such collateral, the true quality and value of the collateral portfolio, and superior access to information and

5

knowledge as an expert concerning the actual risk of default for the assets in the portfolio," Compl. ¶ 446, is sufficient to create a plausible inference that SSGA owed a duty to Eastern Financial not to act negligently. See Kimmel v. Schaefer, 89 N.Y.2d 257, 263, 675 N.E.2d, 450, 454 (1996) ("liability for negligent misrepresentation has been imposed only on those persons who possess unique or specialized expertise, or who are in a special position of confidence and trust"). Whether such a duty actually existed depends on the facts. See id. ("whether a particular defendant owes a duty to a particular plaintiff is a question of fact"). Likewise, "Whether the nature and caliber of the relationship between the parties is such that the injured party's reliance on a negligent misrepresentation is justified generally raises an issue of fact." Id. at 264, 675 N.E.2d at 454.

Dismissal of plaintiff's negligent misrepresentation claim (count 7) at the pleading stage is thus inappropriate.

### D.

Dismissal of counts 8 and 9 is granted.

### 1.

"[M]ere assertions of 'trust and confidence' are insufficient to support a claim of a fiduciary relationship." Abercrombie v. Andrew College, 438 F. Supp. 2d 243, 274

(S.D.N.Y. 2006). Plaintiff attempts to support its allegation that SSGA occupied a position of "trust and confidence" by alleging that SSGA possessed "superior expertise and knowledge of the collateral assets in Markov, the process used in selecting those assets, and the reasons it selected those assets." Compl. ¶ 454. However, as in Mechigian v. Art Capital Corp., 612 F. Supp. 1421, 1431 (S.D.N.Y. 1985), where the plaintiff alleged a fiduciary relationship based only on the defendants' "expertise and superior knowledge," the claim is dismissed, since plaintiff "has provided no support for the proposition that mere expertise in a matter creates fiduciary responsibilities."

### 2.

Because a claim for aiding and abetting breach of fiduciary duty requires a breach of fiduciary duty by a primary actor, see Sharp Int'l Corp. v. State St. Bank & Trust Co. (In re Sharp Int'l Corp.), 403 F.3d 43, 49 (2d Cir. 2005), the dismissal of the aiding and abetting claim against BarCap follows from the dismissal of the breach of fiduciary duty claim against SSGA.

### E.

Dismissal of count 10 is denied. The complaint identifies the contract (the collateral management agreement between SSGA and Markov), and alleges that it was intended for the benefit of

7

Markov's investors, and that SSGA breached that contract by allowing BarCap to select the collateral for Markov's portfolio. Plaintiff therefore states a claim for breach of contract harming a third-party beneficiary. See Edge Mgmt. Consulting, Inc. v. Blank, 25 A.D.3d 364, 368, 807 N.Y.S.2d 353, 358 (App. Div. 2006) ("One who seeks to recover as a third-party beneficiary of a contract must establish that a valid and binding contract exists between other parties, that the contract was intended for his or her benefit, and that the benefit was direct rather than incidental.").

## Conclusion

Defendants' motion to dismiss the complaint (Dkt. No. 27) is granted with respect to count 2 as against State Street Corporation and with respect to counts 8 and 9. It is denied with respect to all other counts. Plaintiff has leave to replead within 60 days.

So ordered.

Dated: New York, New York
       March 19, 2012

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.