UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPACE COAST CREDIT UNION, as successor in interest to EASTERN FINANCIAL FLORIDA CREDIT UNION;<br><br>Plaintiff,<br><br>-vs-<br><br>BARCLAYS CAPITAL INC.; BARCLAYS BANK PLC; STATE STREET GLOBAL ADVISORS; STATE STREET BANK AND TRUST COMPANY, and STATE STREET CORPORATION,<br><br>Defendants. | 11 Civ. 2802 (LLS)<br><br>ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS BARCLAYS CAPITAL INC., AND BARCLAYS BANK PLC |

Barclays Capital Inc. ("Barclays Capital") and Barclays Bank PLC ("BBPLC") (collectively, "Defendants") answer Plaintiff Space Coast Credit Union's ("Plaintiff") Complaint, filed on April 26, 2011, as follows: except as otherwise expressly admitted, Defendants deny each and every allegation in paragraphs 1 through 466 of the Complaint, including, without limitation, the headings, subheadings, graphic illustrations and footnotes contained therein.  To the extent that any response is required to headings or other unnumbered paragraphs in the Complaint, Defendants deny all allegations contained therein.  Defendants expressly reserve the right to amend and/or supplement their Answer.

1.      The first sentence of paragraph 1 of the Complaint contains Plaintiff's characterization of the Complaint to which no response is required.  To the extent a response is required, Defendants deny the allegations in the first sentence.  Defendants deny the allegations in the second and third sentences.

2.     The first sentence of paragraph 2 of the Complaint contains Plaintiff's characterization of the Complaint to which no response is required. To the extent a response is required, Defendants deny the allegations in the first sentence. The second sentence contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in the second sentence and respectfully refer the Court to Markov CDO I, Ltd.'s ("Markov") Offering Circular dated May 1, 2007 (the "Offering Circular") and Marketing Book dated March 2007 (the "Marketing Book") (collectively, the "Offering Documents"), which are in writing and speak for themselves. Defendants deny the allegations in the third sentence.

3.     Defendants deny the allegations in paragraph 3 of the Complaint.

4.     Paragraph 4 of the Complaint contains Plaintiff's characterization of the Complaint to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 4.

5.     The first and second sentences of paragraph 5 of the Complaint contain no factual allegations requiring a response. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences and respectfully refer the Court to the referenced documents, which are in writing and speak for themselves. Defendants deny the allegations in the third sentence. The fourth sentence contains no factual allegations requiring a response. To the extent a response is required, Defendants deny the allegations in the fourth sentence.

6.     Paragraph 6 of the Complaint contains Plaintiff's characterization of the Complaint to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 6.

2

7.     Paragraph 7 of the Complaint contains Plaintiff's characterization of the Complaint to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 7.

8.     Defendants deny the allegations in paragraph 8 of the Complaint.

9.     Defendants deny the allegations in paragraph 9 of the Complaint.

10.    Defendants deny the allegations in paragraph 10 of the Complaint.

11.    Defendants deny the allegations in paragraph 11 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the Abacus CDO.

12.    Defendants deny the allegations in paragraph 12 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the Abacus CDO.

13.    Defendants deny the allegations in paragraph 13 of the Complaint.

14.    Defendants deny the allegations in paragraph 14 of the Complaint.

15.    The first sentence of paragraph 15 of the Complaint contains Plaintiff's characterization of the Complaint to which no response is required.  To the extent a response is required, Defendants deny the allegations in the first sentence.  Defendants deny the allegations in the second and third sentences.

16.    Defendants deny the allegations in paragraph 16 of the Complaint.

17.    Defendants deny the allegations in paragraph 17 of the Complaint.

18.    Defendants deny the allegations in paragraph 18 of the Complaint.

19.     Defendants deny the allegations in paragraph 19 of the Complaint and respectfully refer the Court to the referenced Marketing Book, which is in writing and speaks for itself.

20.     Defendants deny the allegations in paragraph 20 of the Complaint.

21.     Defendants deny the allegations in paragraph 21 of the Complaint.

22.     Defendants deny the allegations in paragraph 22 of the Complaint, except acknowledge that Barclays Capital in the past has responded to requests for documents and information from enforcement authorities concerning certain CDOs, and respectfully refer the Court to the referenced *Bloomberg* article, which is in writing and speaks for itself.

23.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint.

24.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint.  To the extent paragraph 24 contains legal conclusions, no response is required.

25.     Defendants deny the allegations in paragraph 25 of the Complaint.  Barclays Capital is a Connecticut corporation, with its principal office located at 745 Seventh Avenue, New York, NY 10019.

26.     Defendants deny the allegations in paragraph 26 of the Complaint and respectfully refer the Court to the referenced Offering Circular, which is in writing and speaks for itself.

27.     Defendants deny the allegations in paragraph 27 of the Complaint and respectfully refer the Court to the referenced Offering Documents, which are in writing and speak for themselves.

4

28.     The first sentence of paragraph 28 of the Complaint contains no factual allegations requiring a response. The second sentence contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in the second sentence and respectfully refer the Court to the referenced Offering Documents, which are in writing and speak for themselves. Defendants deny the allegations in the third sentence.

29.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint.

30.     Defendants deny the allegations in paragraph 30 of the Complaint and respectfully refer the Court to the referenced Offering Documents, which are in writing and speak for themselves.

31.     Defendants deny the allegations in paragraph 31 of the Complaint and respectfully refer the Court to the referenced Offering Documents, which are in writing and speak for themselves.

32.     Defendants admit that BBPLC is a public limited company registered in England and Wales under number 1026167, with its registered head office at 1 Churchill Place, London, E14 5 HP, England. Defendants admit that BBPLC New York Branch has offices in New York, NY.

33.     The first sentence of paragraph 33 of the Complaint contains legal conclusions to which no response is required. Defendants deny the allegations in the second sentence, except admit that BBPLC New York Branch and Barclays Capital share an office at 200 Park Avenue, New York, NY 10166. Defendants deny the allegations in the third sentence and respectfully refer the Court to BBPLC's public filings that disclose Defendants' financial statements, which are in writing and speak for themselves.

5

34.     Defendants deny the allegations in paragraph 34 of the Complaint and respectfully refer the Court to the referenced Offering Circular and warehousing agreement, which are in writing and speak for themselves.

35.     Defendants deny the allegations in paragraph 35 of the Complaint and respectfully refer the Court to the referenced Offering Circular, which is in writing and speaks for itself.  To the extent paragraph 35 contains legal conclusions, no response is required.

36.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Complaint.

37.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint.

38.     Paragraph 38 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38.

39.     Defendants admit the allegations in the first sentence of paragraph 39 of the Complaint.  Defendants deny the allegations in the second sentence and respectfully refer the Court to the referenced Offering Circular, which is in writing and speaks for itself.

40.     Defendants deny the allegations in paragraph 40 of the Complaint and respectfully refer the Court to the referenced Offering Documents, which are in writing and speak for themselves.

41.     Defendants deny the allegations in paragraph 41 of the Complaint.

42.     Paragraph 42 of the Complaint contains legal conclusions to which no response is required.

6

43.     Paragraph 43 of the Complaint contains legal conclusions to which no response is required.

44.     Defendants deny the allegations in paragraph 44 of the Complaint.

45.     Paragraph 45 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 45 and respectfully refer the Court to the referenced Offering Circular, which is in writing and speaks for itself.

46.     Paragraph 46 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 46.

47.     Paragraph 47 of the Complaint contains Plaintiff's characterization of the Complaint to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 47.

48.     Paragraph 48 of the Complaint contains Plaintiff's characterization of the Complaint to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 48.

49.     Paragraph 49 of the Complaint contains Plaintiff's characterization of the Complaint to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 49.

50.     Paragraph 50 of the Complaint contains Plaintiff's characterization of the Complaint to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 50.

51.     Paragraph 51 of the Complaint contains Plaintiff's characterization of the Complaint to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 51.

52.     Defendants deny that the allegations in paragraph 52 of the Complaint present a complete, accurate and fair characterization of the matters described therein.  To the extent a further response is required, Defendants deny the allegations in paragraph 52 to the extent that they are directed at Defendants.

53.     Defendants deny that the allegations in paragraph 53 of the Complaint present a complete, accurate and fair characterization of the matters described therein.  To the extent a further response is required, Defendants deny the allegations in paragraph 53 to the extent that they are directed at Defendants.  To the extent paragraph 53 contains Plaintiff's characterization of the Complaint, no response is required.

54.     Defendants deny that the allegations in paragraph 54 of the Complaint present a complete, accurate and fair characterization of the matters described therein.  To the extent a further response is required, Defendants deny the allegations in paragraph 54 to the extent that they are directed at Defendants.

55.     Defendants deny that the allegations in paragraph 55 of the Complaint present a complete, accurate and fair characterization of the matters described therein.  To the extent a further response is required, Defendants deny the allegations in paragraph 55 to the extent that they are directed at Defendants.

56.     Defendants deny the allegations in paragraph 56 of the Complaint and respectfully refer the Court to the referenced Offering Documents, which are in writing and speak for themselves.

8

57.    Defendants deny the allegations in paragraph 57 of the Complaint and respectfully refer the Court to the referenced *Barclays Capital Guide to Cash Flow Collateralized Debt Obligations* (the "CDO Guide"), which is in writing and speaks for itself.

58.    Paragraph 58 of the Complaint contains Plaintiff's characterization of the Complaint to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 58.

59.    Defendants deny the allegations in paragraph 59 of the Complaint.

60.    Defendants deny the allegations in paragraph 60 of the Complaint.

61.    Defendants deny the allegations in paragraph 61 of the Complaint and respectfully refer the Court to the referenced CDO Guide, which is in writing and speaks for itself.

62.    Defendants deny that the allegations in paragraph 62 of the Complaint present a complete, accurate and fair characterization of the matters described therein.  To the extent a further response is required, Defendants deny the allegations in paragraph 62 to the extent that they are directed at Defendants.

63.    Defendants deny that the allegations in paragraph 63 of the Complaint present a complete, accurate and fair characterization of the matters described therein.   To the extent a further response is required, Defendants deny the allegations in paragraph 63 to the extent that they are directed at Defendants.

64.    Defendants deny the allegations in paragraph 64 of the Complaint and respectfully refer the Court to the referenced CDO Guide, which is in writing and speaks for itself.

65.    Defendants deny the allegations in paragraph 65 of the Complaint.

66.     Defendants deny the allegations in paragraph 66 of the Complaint.

67.     Defendants deny that the allegations in paragraph 67 of the Complaint present a complete, accurate and fair characterization of the matters described therein.  To the extent a further response is required, Defendants deny the allegations in paragraph 67 to the extent that they are directed at Defendants.

68.     Defendants deny that the allegations in paragraph 68 of the Complaint present a complete, accurate and fair characterization of the matters described therein.  To the extent a further response is required, Defendants deny the allegations in paragraph 68 to the extent that they are directed at Defendants.

69.     Defendants deny that the allegations in paragraph 69 of the Complaint present a complete, accurate and fair characterization of the matters described therein.  To the extent a further response is required, Defendants deny the allegations in paragraph 69 to the extent that they are directed at Defendants.

70.     Defendants deny that the allegations in paragraph 70 of the Complaint present a complete, accurate and fair characterization of the matters described therein.  To the extent a further response is required, Defendants deny the allegations in paragraph 70 to the extent that they are directed at Defendants.

71.     Defendants deny the allegations in paragraph 71 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning other financial institutions.

72.     Defendants deny that the allegations in paragraph 72 of the Complaint present a complete, accurate and fair characterization of the matters described therein.  To the extent a

further response is required, Defendants deny the allegations in paragraph 72 to the extent that they are directed at Defendants.

73.     Defendants deny that the allegations in paragraph 73 of the Complaint present a complete, accurate and fair characterization of the matters described therein.   To the extent a further response is required, Defendants deny the allegations in paragraph 73 to the extent that they are directed at Defendants.

74.     Defendants deny that the allegations in paragraph 74 of the Complaint present a complete, accurate and fair characterization of the matters described therein.   To the extent a further response is required, Defendants deny the allegations in paragraph 74 to the extent that they are directed at Defendants.

75.     Defendants deny that the allegations in paragraph 75 of the Complaint present a complete, accurate and fair characterization of the matters described therein.  To the extent a further response is required, Defendants deny the allegations in paragraph 75 to the extent that they are directed at Defendants.

76.     Defendants deny that the allegations in paragraph 76 of the Complaint present a complete, accurate and fair characterization of the matters described therein.  To the extent a further response is required, Defendants deny the allegations in paragraph 76 to the extent that they are directed at Defendants.

77.     Defendants deny that the allegations in paragraph 77 of the Complaint present a complete, accurate and fair characterization of the matters described therein.  To the extent a further response is required, Defendants deny the allegations in paragraph 77 to the extent that they are directed at Defendants.

78.     Defendants deny that the allegations in paragraph 78 of the Complaint present a complete, accurate and fair characterization of the matters described therein.  To the extent a further response is required, Defendants deny the allegations in paragraph 78 to the extent that they are directed at Defendants.

79.     Defendants deny that the allegations in paragraph 79 of the Complaint present a complete, accurate and fair characterization of the matters described therein.  To the extent a further response is required, Defendants deny the allegations in paragraph 79 to the extent that they are directed at Defendants.

80.     Defendants deny that the allegations in paragraph 80 of the Complaint present a complete, accurate and fair characterization of the matters described therein.  To the extent a further response is required, Defendants deny the allegations in paragraph 80 to the extent that they are directed at Defendants.

81.     Defendants deny the allegations in paragraph 81 of the Complaint.

82.     Defendants deny the allegations in paragraph 82 of the Complaint.

83.     Defendants deny the allegations in paragraph 83 of the Complaint.

84.     Defendants deny the allegations in paragraph 84 of the Complaint.

85.     Defendants deny the allegations in paragraph 85 of the Complaint.

86.     Defendants deny the allegations in the first sentence of paragraph 86 of the Complaint.  The second sentence contains Plaintiff's characterization of the Complaint to which no response is required.  To the extent a response is required, Defendants deny the allegations in the second sentence.

87.     Defendants deny the allegations in paragraph 87 of the Complaint.

88.     Defendants deny the allegations in paragraph 88 of the Complaint.

89.     Defendants deny the allegations in paragraph 89 of the Complaint.

90.     Defendants deny the allegations in paragraph 90 of the Complaint.

91.     Defendants deny the allegations in paragraph 91 of the Complaint.

92.     Defendants deny the allegations in paragraph 92 of the Complaint.

93.     Defendants deny the allegations in paragraph 93 of the Complaint.

94.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94 of the Complaint, except deny such allegations to the extent that they are directed at Defendants.

95.     Defendants deny that the allegations in paragraph 95 of the Complaint present a complete, accurate and fair characterization of the matters described therein.  To the extent a further response is required, Defendants deny the allegations in paragraph 95 to the extent that they are directed at Defendants.

96.     Defendants deny that the allegations in paragraph 96 of the Complaint present a complete, accurate and fair characterization of the matters described therein.  To the extent a further response is required, Defendants deny the allegations in paragraph 96 to the extent that they are directed at Defendants.

97.     Defendants deny the allegations in paragraph 97 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning other financial institutions.

98.     Defendants deny the allegations in paragraph 98 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning other financial institutions.

13

99.     Defendants deny the allegations in paragraph 99 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning other financial institutions.

100.    Defendants deny the allegations in paragraph 100 of the Complaint.

101.    Defendants deny the allegations in paragraph 101 of the Complaint.

102.    Defendants deny the allegations in paragraph 102 of the Complaint.

103.    Defendants deny the allegations in paragraph 103 of the Complaint.

104.    Defendants deny the allegations in paragraph 104 of the Complaint.

105.    Defendants deny that the allegations in the first sentence of paragraph 105 of the Complaint presents a complete, accurate and fair characterization of the matters described therein.  To the extent a further response is required, Defendants deny the allegations in the first sentence to the extent that they are directed at Defendants.  The second sentence contains Plaintiff's characterization of the Complaint to which no response is required.

106.    Defendants deny that the allegations in paragraph 106 of the Complaint present a complete, accurate and fair characterization of the matters described therein.  To the extent a further response is required, Defendants deny the allegations in paragraph 106 to the extent that they are directed at Defendants.

107.    Defendants deny that the allegations in paragraph 107 of the Complaint present a complete, accurate and fair characterization of the matters described therein.  To the extent a further response is required, Defendants deny the allegations in paragraph 107 to the extent that they are directed at Defendants.

108.    Defendants deny that the allegations in paragraph 108 of the Complaint present a complete, accurate and fair characterization of the matters described therein.  To the extent a

further response is required, Defendants deny the allegations in paragraph 108 to the extent that they are directed at Defendants.

109.    Defendants deny that the allegations in paragraph 109 of the Complaint present a complete, accurate and fair characterization of the matters described therein.  To the extent a further response is required, Defendants deny the allegations in paragraph 109 to the extent that they are directed at Defendants.

110.    Defendants deny that the allegations in paragraph 110 of the Complaint present a complete, accurate and fair characterization of the matters described therein.  To the extent a further response is required, Defendants deny the allegations in paragraph 110 to the extent that they are directed at Defendants.

111.    Defendants deny that the allegations in paragraph 111 of the Complaint present a complete, accurate and fair characterization of the matters described therein.  To the extent a further response is required, Defendants deny the allegations in paragraph 111 to the extent that they are directed at Defendants.

112.    Defendants deny that the allegations in paragraph 112 of the Complaint present a complete, accurate and fair characterization of the matters described therein.  To the extent a further response is required, Defendants deny the allegations in paragraph 112 to the extent that they are directed at Defendants.

113.    Defendants deny the allegations in paragraph 113 of the Complaint.

114.    Defendants deny the allegations in paragraph 114 of the Complaint.

115.    Defendants deny the allegations in paragraph 115 of the Complaint.

116.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 116 of the Complaint, except deny such allegations to the extent that they are directed at Defendants.

117.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117 of the Complaint and respectfully refer the Court to the referenced court filing, pitchbooks and offering circulars, which are in writing and speak for themselves.

118.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118 of the Complaint and respectfully refer the Court to the referenced *ProPublica* article, which is in writing and speaks for itself.

119.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 119 of the Complaint.

120.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120 of the Complaint and respectfully refer the Court to the referenced media reports and court filings, which are in writing and speak for themselves.

121.    Defendants deny the allegations in paragraph 121 of the Complaint and respectfully refer the Court to the referenced Offering Documents, which are in writing and speak for themselves.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the Abacus and Constellations CDOs.

122.    Defendants deny the allegations in paragraph 122 of the Complaint.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the Abacus and Constellations CDOs.

123.    Defendants deny the allegations in paragraph 123 of the Complaint.

124.    Defendants deny the allegations in paragraph 124 of the Complaint and respectfully refer the Court to the referenced media reports, which are in writing and speak for themselves.

125.    Defendants deny the allegations in paragraph 125 of the Complaint, except admit that certain legal proceedings with HSH Nordbank AG were resolved in 2005, and respectfully refer the Court to the referenced media reports, which are in writing and speak for themselves.

126.    Defendants deny the allegations in paragraph 126 of the Complaint and respectfully refer the Court to the referenced media reports, which are in writing and speak for themselves.

127.    Defendants deny the allegations in paragraph 127 of the Complaint and respectfully refer the Court to the referenced media reports, which are in writing and speak for themselves.

128.    Defendants deny the allegations in paragraph 128 of the Complaint and respectfully refer the Court to the referenced media reports, which are in writing and speak for themselves.

129.    Defendants deny the allegations in paragraph 129 of the Complaint.

130.    Defendants deny the allegations in paragraph 130 of the Complaint.

131.    Defendants deny the allegations in paragraph 131 of the Complaint and respectfully refer the Court to the referenced media reports, which are in writing and speak for themselves.

132.    Defendants deny the allegations in paragraph 132 of the Complaint and respectfully refer the Court to the referenced media reports, which are in writing and speak for themselves.

133.    Defendants deny the allegations in paragraph 133 of the Complaint and respectfully refer the Court to the referenced media reports and *Bloomberg* article, which are in writing and speak for themselves.

134.    Defendants deny the allegations in paragraph 134 of the Complaint and respectfully refer the Court to the referenced media reports, which are in writing and speak for themselves.

135.    Defendants deny the allegations in paragraph 135 of the Complaint and respectfully refer the Court to the referenced *Derivatives Week* article, which is in writing and speaks for itself.

136.    Defendants deny the allegations in paragraph 136 of the Complaint and respectfully refer the Court to the referenced media reports and *Independent* article, which are in writing and speak for themselves.

137.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 137 of the Complaint, except deny such allegations to the extent that they are directed at Defendants.

138.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 138 of the Complaint, except deny such allegations to the extent that they are directed at Defendants.

139.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 139 of the Complaint, except deny such allegations to the extent that they are directed at Defendants, and respectfully refer the Court to the referenced *ProPublica* article, which is in writing and speaks for itself.

140.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 140 of the Complaint, except deny such allegations to the extent that they are directed at Defendants, and respectfully refer the Court to the referenced May 11, 2010 letter from Jonathan Pickhardt to the Honorable Bernard J. Fried, which is in writing and speaks for itself.

141.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 141 of the Complaint, except deny such allegations to the extent that they are directed at Defendants, and respectfully refer the Court to the referenced May 11, 2010 letter from Jonathan Pickhardt to the Honorable Bernard J. Fried, which is in writing and speaks for itself.

142.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 142 of the Complaint, except deny such allegations to the extent that they are directed at Defendants.

143.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 143 of the Complaint, except deny such allegations to the extent that they are directed at Defendants.

144.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 144 of the Complaint, except deny such allegations to the extent that they are directed at Defendants.

145.    Paragraph 145 of the Complaint contains Plaintiff's characterization of the Complaint to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 145.

146.    Paragraph 146 of the Complaint contains Plaintiff's characterization of the Complaint to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 146.

147.    Paragraph 147 of the Complaint contains Plaintiff's characterization of the Complaint to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 147.

148.    Defendants deny the allegations in paragraph 148 of the Complaint.

149.    Defendants deny the allegations in paragraph 149 of the Complaint.

150.    Defendants deny the allegations in paragraph 150 of the Complaint.

151.    Defendants deny the allegations in paragraph 151 of the Complaint.

152.    Defendants deny the allegations in paragraph 152 of the Complaint.

153.    Defendants deny the allegations in paragraph 153 of the Complaint.

154.    Defendants deny the allegations in paragraph 154 of the Complaint.

155.    Defendants deny the allegations in paragraph 155 of the Complaint.  To the extent paragraph 155 contains Plaintiff's characterization of the Complaint, no response is required.

156.    Defendants deny the allegations in paragraph 156 of the Complaint.

157.    Defendants deny the allegations in paragraph 157 of the Complaint.

158.    Defendants deny the allegations in paragraph 158 of the Complaint.

159.    Defendants deny the allegations in paragraph 159 of the Complaint.

160.    Paragraph 160 of the Complaint contains Plaintiff's characterization of the Complaint to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 160.

161.    Paragraph 161 of the Complaint contains Plaintiff's characterization of the Complaint to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 161.

162.    Defendants deny the allegations in paragraph 162 of the Complaint.

163.    Paragraph 163 of the Complaint contains Plaintiff's characterization of the Complaint to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 163.

164.    Defendants deny the allegations in paragraph 164 of the Complaint.

165.    Defendants deny the allegations in paragraph 165 of the Complaint.

166.    Defendants deny the allegations in paragraph 166 of the Complaint.

167.    Defendants deny the allegations in paragraph 167 of the Complaint.

168.    Defendants deny the allegations in paragraph 168 of the Complaint.

169.    Defendants deny the allegations in paragraph 169 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning other market participants.

170.    Defendants deny the allegations in paragraph 170 of the Complaint.

171.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 171 of the Complaint, except deny such allegations to the extent that they are directed at Defendants, and respectfully refer the Court to the referenced news and analysis, which are in writing and speak for themselves.

172.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 172 of the Complaint, except deny such allegations to the extent that they are directed at Defendants.

173.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 173 of the Complaint, except deny such allegations to the extent that they are directed at Defendants, and respectfully refer the Court to the referenced *ProPublica* article, which is in writing and speaks for itself.

174.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 174 of the Complaint, except deny such allegations to the extent that they are directed at Defendants, and respectfully refer the Court to the referenced *ProPublica* article, which is in writing and speaks for itself.

175.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 175 of the Complaint, except deny such allegations to the extent that they are directed at Defendants, and respectfully refer the Court to the referenced *ProPublica* article, which is in writing and speaks for itself.

176.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 176 of the Complaint, except deny such allegations to the extent that they are directed at Defendants, and respectfully refer the Court to the referenced *ProPublica* article, which is in writing and speaks for itself.

177.    Defendants deny the allegations in paragraph 177 of the Complaint.

178.    Defendants deny the allegations in paragraph 178 of the Complaint.

179.    Defendants deny the allegations in paragraph 179 of the Complaint.

180.    Defendants deny the allegations in paragraph 180 of the Complaint.

181.    Defendants deny the allegations in paragraph 181 of the Complaint.

182.     Defendants deny the allegations in paragraph 182 of the Complaint and respectfully refer the Court to the referenced Marketing Book, which is in writing and speaks for itself.

183.     Defendants deny the allegations in paragraph 183 of the Complaint and respectfully refer the Court to the referenced Marketing Book, which is in writing and speaks for itself.

184.     Defendants deny the allegations in paragraph 184 of the Complaint.

185.     Defendants deny the allegations in paragraph 185 of the Complaint.

186.     Defendants deny the allegations in paragraph 186 of the Complaint.

187.     Defendants deny the allegations in paragraph 187 of the Complaint.

188.     Defendants deny the allegations in paragraph 188 of the Complaint.

189.     Defendants deny the allegations in paragraph 189 of the Complaint.

190.     Defendants deny the allegations in paragraph 190 of the Complaint.

191.     Defendants deny the allegations in paragraph 191 of the Complaint and respectfully refer the Court to the referenced CDO Guide, which is in writing and speaks for itself.

192.     Defendants deny the allegations in paragraph 192 of the Complaint.

193.     Defendants deny the allegations in paragraph 193 of the Complaint.

194.     Defendants deny the allegations in paragraph 194 of the Complaint.

195.     Defendants deny the allegations in paragraph 195 of the Complaint and respectfully refer the Court to the referenced CDO Guide, which is in writing and speaks for itself.

196.    Defendants deny the allegations in paragraph 196 of the Complaint and respectfully refer the Court to the referenced CDO Guide, which is in writing and speaks for itself.

197.    Defendants deny the allegations in paragraph 197 of the Complaint.

198.    Defendants deny the allegations in paragraph 198 of the Complaint.

199.    Defendants deny the allegations in paragraph 199 of the Complaint.

200.    Defendants deny the allegations in paragraph 200 of the Complaint.

201.    Defendants deny the allegations in paragraph 201 of the Complaint.

202.    Defendants deny the allegations in paragraph 202 of the Complaint and respectfully refer the Court to the referenced Marketing Book, which is in writing and speaks for itself.

203.    Defendants deny the allegations in paragraph 203 of the Complaint.

204.    Defendants deny the allegations in paragraph 204 of the Complaint.

205.    Defendants deny the allegations in paragraph 205 of the Complaint.

206.    Defendants deny the allegations in paragraph 206 of the Complaint.

207.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 207 of the Complaint, except deny such allegations to the extent that they are directed at Defendants.

208.    Defendants deny the allegations in paragraph 208 of the Complaint.

209.    Defendants deny the allegations in paragraph 209 of the Complaint.

210.    Defendants deny the allegations in paragraph 210 of the Complaint.

211.    Defendants deny the allegations in paragraph 211 of the Complaint.

212.    Defendants deny the allegations in paragraph 212 of the Complaint.

213.    Defendants deny the allegations in paragraph 213 of the Complaint, except admit that Markov's collateral portfolio included certain Markov Chain securities in the notional amount of $300 million.

214.    Defendants deny the allegations in paragraph 214 of the Complaint.

215.    Paragraph 215 of the Complaint contains Plaintiff's characterization of the Complaint to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 215.

216.    Defendants deny the allegations in paragraph 216 of the Complaint.

217.    Defendants deny the allegations in paragraph 217 of the Complaint.

218.    Defendants deny the allegations in paragraph 218 of the Complaint.

219.    Defendants deny the allegations in paragraph 219 of the Complaint.

220.    Defendants deny the allegations in paragraph 220 of the Complaint.

221.    Defendants deny the allegations in paragraph 221 of the Complaint.

222.    Defendants deny the allegations in paragraph 222 of the Complaint.

223.    Defendants deny the allegations in paragraph 223 of the Complaint.

224.    Defendants deny the allegations in paragraph 224 of the Complaint.

225.    Defendants deny the allegations in paragraph 225 of the Complaint.

226.    Defendants deny the allegations in paragraph 226 of the Complaint.

227.    Defendants deny the allegations in paragraph 227 of the Complaint.

228.    Defendants deny the allegations in paragraph 228 of the Complaint.

229.    Defendants deny the allegations in paragraph 229 of the Complaint.

230.    Defendants deny the allegations in paragraph 230 of the Complaint.

231.    Defendants deny the allegations in paragraph 231 of the Complaint.

232.    Defendants deny the allegations in paragraph 232 of the Complaint.

233.    Defendants deny the allegations in paragraph 233 of the Complaint.

234.    Defendants deny the allegations in paragraph 234 of the Complaint.

235.    Defendants deny the allegations in paragraph 235 of the Complaint.

236.    Defendants deny the allegations in paragraph 236 of the Complaint.

237.    Defendants deny the allegations in paragraph 237 of the Complaint.

238.    Defendants deny the allegations in paragraph 238 of the Complaint.

239.    Defendants deny the allegations in paragraph 239 of the Complaint.

240.    Defendants deny the allegations in paragraph 240 of the Complaint.

241.    Defendants deny the allegations in paragraph 241 of the Complaint.

242.    Defendants deny the allegations in paragraph 242 of the Complaint.

243.    Defendants deny the allegations in paragraph 243 of the Complaint.

244.    Defendants deny the allegations in paragraph 244 of the Complaint.

245.    Defendants deny the allegations in paragraph 245 of the Complaint.

246.    Defendants deny the allegations in paragraph 246 of the Complaint.

247.    Defendants deny the allegations in paragraph 247 of the Complaint.

248.    Defendants deny the allegations in paragraph 248 of the Complaint.

249.    Defendants deny the allegations in paragraph 249 of the Complaint.

250.    Defendants deny the allegations in paragraph 250 of the Complaint.

251.    Defendants deny the allegations in paragraph 251 of the Complaint.

252.    Defendants deny the allegations in paragraph 252 of the Complaint.

253.    Defendants deny the allegations in paragraph 253 of the Complaint.

254.    Defendants deny the allegations in paragraph 254 of the Complaint.

255.    Defendants deny the allegations in paragraph 255 of the Complaint.

256.    Defendants deny the allegations in paragraph 256 of the Complaint.

257.    Defendants deny the allegations in paragraph 257 of the Complaint.

258.    Defendants deny the allegations in paragraph 258 of the Complaint.

259.    Defendants deny the allegations in paragraph 259 of the Complaint.

260.    Defendants deny the allegations in paragraph 260 of the Complaint.

261.    Defendants deny the allegations in paragraph 261 of the Complaint.

262.    Defendants deny the allegations in paragraph 262 of the Complaint.

263.    Defendants deny the allegations in paragraph 263 of the Complaint.

264.    Defendants deny the allegations in paragraph 264 of the Complaint.

265.    Defendants deny the allegations in paragraph 265 of the Complaint and respectfully refer the Court to the referenced Offering Documents, which are in writing and speak for themselves.

266.    The first sentence of paragraph 266 of the Complaint contains no factual allegations requiring a response.  Defendants deny the allegations in the second sentence and respectfully refer the Court to the referenced Offering Documents, which are in writing and speak for themselves.  The third sentence contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in the third sentence.

267.    Defendants deny the allegations in paragraph 267 of the Complaint and respectfully refer the Court to the referenced Offering Documents, which are in writing and speak for themselves.

268.    Defendants deny the allegations in paragraph 268 of the Complaint and respectfully refer the Court to the referenced Marketing Book, which is in writing and speaks for itself.

269.    Defendants deny the allegations in paragraph 269 of the Complaint and respectfully refer the Court to the referenced Marketing Book, which is in writing and speaks for itself.

270.    Defendants deny the allegations in paragraph 270 of the Complaint and respectfully refer the Court to the referenced Offering Circular, which is in writing and speaks for itself.

271.    Defendants deny the allegations in paragraph 271 of the Complaint and respectfully refer the Court to the referenced Offering Circular, which is in writing and speaks for itself.

272.    Defendants deny the allegations in paragraph 272 of the Complaint and respectfully refer the Court to the referenced Offering Circular, which is in writing and speaks for itself.

273.    Defendants deny the allegations in paragraph 273 of the Complaint and respectfully refer the Court to the referenced Offering Documents, which are in writing and speak for themselves.

274.    Paragraph 274 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 274.

275.    Defendants deny the allegations in paragraph 275 of the Complaint.

276.     The first sentence of paragraph 276 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in the first sentence and respectfully refer the Court to the referenced Offering Documents, which are in writing and speak for themselves.  Defendants deny the allegations in the second and third sentences.

277.     Defendants deny the allegations in paragraph 277 of the Complaint and respectfully refer the Court to the referenced Offering Documents, which are in writing and speak for themselves.

278.     Defendants deny the allegations in paragraph 278 of the Complaint and respectfully refer the Court to the referenced Marketing Book, which is in writing and speaks for itself.

279.     Defendants deny the allegations in paragraph 279 of the Complaint and respectfully refer the Court to the referenced Marketing Book, which is in writing and speaks for itself.

280.     Defendants deny the allegations in paragraph 280 of the Complaint and respectfully refer the Court to the referenced Marketing Book, which is in writing and speaks for itself.

281.     Defendants deny the allegations in paragraph 281 of the Complaint and respectfully refer the Court to the referenced Marketing Book, which is in writing and speaks for itself.

282.     Defendants deny the allegations in paragraph 282 of the Complaint and respectfully refer the Court to the referenced Marketing Book, which is in writing and speaks for itself.

29

283.    Defendants deny the allegations in paragraph 283 of the Complaint and respectfully refer the Court to the referenced Marketing Book, which is in writing and speaks for itself.

284.    Defendants deny the allegations in paragraph 284 of the Complaint and respectfully refer the Court to the referenced Marketing Book, which is in writing and speaks for itself.

285.    Defendants deny the allegations in paragraph 285 of the Complaint and respectfully refer the Court to the referenced Marketing Book, which is in writing and speaks for itself.

286.    Defendants deny the allegations in paragraph 286 of the Complaint and respectfully refer the Court to the referenced Offering Circular, which is in writing and speaks for itself.

287.    Paragraph 287 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 287 and respectfully refer the Court to the referenced Offering Circular, which is in writing and speaks for itself.

288.    The first sentence of paragraph 288 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in the first sentence.  Defendants deny the allegations in the second through fifth sentences and respectfully refer the Court to the referenced *ProPublica* article, which is in writing and speaks for itself.

289.     Defendants deny the allegations in paragraph 289 of the Complaint and respectfully refer the Court to the referenced Marketing Book, which is in writing and speaks for itself.

290.     Defendants deny the allegations in paragraph 290 of the Complaint and respectfully refer the Court to the referenced Offering Circular, which is in writing and speaks for itself.

291.     Defendants deny the allegations in paragraph 291 of the Complaint and respectfully refer the Court to the referenced Offering Circular, which is in writing and speaks for itself.

292.     Defendants deny the allegations in paragraph 292 of the Complaint and respectfully refer the Court to the referenced Offering Circular, which is in writing and speaks for itself.

293.     Defendants deny the allegations in paragraph 293 of the Complaint.

294.     Defendants deny the allegations in paragraph 294 of the Complaint.

295.     The first sentence of paragraph 295 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in the first sentence.  Defendants deny the allegations in the second sentence.

296.     Defendants deny the allegations in paragraph 296 of the Complaint.

297.     Defendants deny the allegations in paragraph 297 of the Complaint.

298.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 298 of the Complaint, except deny such allegations to the extent that they are directed at Defendants, and respectfully refer the Court to the referenced *ProPublica* article, which is in writing and speaks for itself.

299.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 299 of the Complaint, except deny such allegations to the extent that they are directed at Defendants, and respectfully refer the Court to the referenced *ProPublica* article, which is in writing and speaks for itself.

300.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 300 of the Complaint, except deny such allegations to the extent that they are directed at Defendants, and respectfully refer the Court to the referenced *ProPublica* article, which is in writing and speaks for itself.

301.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 301 of the Complaint, except deny such allegations to the extent that they are directed at Defendants, and respectfully refer the Court to the referenced internal Goldman Sachs documents, which are in writing and speak for themselves.

302.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 302 of the Complaint, except deny such allegations to the extent that they are directed at Defendants, and respectfully refer the Court to the referenced internal Goldman Sachs documents, which are in writing and speak for themselves.

303.    Defendants deny the allegations in the first sentence of paragraph 303 of the Complaint. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence, except deny such allegations to the extent that they are directed at Defendants. Defendants deny the allegations in the third sentence.

304.    Paragraph 304 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 304.

305.    Defendants deny the allegations in paragraph 305 of the Complaint and respectfully refer the Court to the referenced Offering Documents, which are in writing and speak for themselves.

306.    Paragraph 306 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 306.

307.    Defendants deny the allegations in paragraph 307 of the Complaint and respectfully refer the Court to the referenced Marketing Book, which is in writing and speaks for itself.

308.    Defendants deny the allegations in paragraph 308 of the Complaint and respectfully refer the Court to the referenced Offering Circular, which is in writing and speaks for itself.

309.    Defendants deny the allegations in paragraph 309 of the Complaint and respectfully refer the Court to the referenced Offering Circular, which is in writing and speaks for itself.

310.    Defendants deny the allegations in paragraph 310 of the Complaint and respectfully refer the Court to the referenced Offering Circular, which is in writing and speaks for itself.

311.    Paragraph 311 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 311.

312.    Defendants deny the allegations in paragraph 312 of the Complaint.

313.    The first sentence of paragraph 313 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in the first sentence.  Defendants deny the allegations in the second sentence.

314.    Paragraph 314 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 314.

315.    Defendants deny the allegations in paragraph 315 of the Complaint and respectfully refer the Court to the referenced Offering Documents, which are in writing and speak for themselves.  To the extent paragraph 315 contains legal conclusions, no response is required.

316.    Defendants deny the allegations in paragraph 316 of the Complaint and respectfully refer the Court to the referenced Marketing Book, which is in writing and speaks for itself.

317.    Defendants deny the allegations in paragraph 317 of the Complaint and respectfully refer the Court to the referenced Offering Circular, which is in writing and speaks for itself.

318.    Defendants deny the allegations in paragraph 318 of the Complaint and respectfully refer the Court to the referenced Offering Documents, which are in writing and speak for themselves.

319.    Paragraph 319 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 319.

320.   Defendants deny the allegations in paragraph 320 of the Complaint.  To the extent paragraph 320 contains legal conclusions, no response is required.

321.   Defendants deny that the allegations in paragraph 321 of the Complaint present a complete, accurate and fair characterization of the matters described therein.  To the extent a further response is required, Defendants deny the allegations in paragraph 321 to the extent that they are directed at Defendants.

322.   Defendants deny the allegations in paragraph 322 of the Complaint.

323.   Defendants deny the allegations in paragraph 323 of the Complaint.

324.   Defendants deny the allegations in paragraph 324 of the Complaint.

325.   Defendants deny the allegations in paragraph 325 of the Complaint.  To the extent paragraph 325 contains legal conclusions, no response is required.

326.   Defendants deny the allegations in paragraph 326 of the Complaint.  To the extent paragraph 326 contains legal conclusions, no response is required.

327.   Defendants deny the allegations in paragraph 327 of the Complaint.

328.   Paragraph 328 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 328.

329.   Defendants deny the allegations in paragraph 329 of the Complaint.

330.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 330 of the Complaint, except deny such allegations to the extent that they are directed at Defendants, and respectfully refer the Court to the referenced *Credit FAQ: Swap Risk Ratings Introduced For Synthetic CDO And Credit Derivative Transactions* by Standard & Poor's (the "S&P Report"), which is in writing and speaks for itself.

331.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 331 of the Complaint, except deny such allegations to the extent that they are directed at Defendants, and respectfully refer the Court to the referenced S&P Report, which is in writing and speaks for itself.

332.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 332 of the Complaint, except deny such allegations to the extent that they are directed at Defendants, and respectfully refer the Court to the referenced S&P Report, which is in writing and speaks for itself.

333.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 333 of the Complaint, except deny such allegations to the extent that they are directed at Defendants, and respectfully refer the Court to the referenced S&P Report, which is in writing and speaks for itself.

334.    Defendants deny the allegations in paragraph 334 of the Complaint.  To the extent paragraph 334 contains legal conclusions, no response to required.

335.    Defendants deny the allegations in paragraph 335 of the Complaint.

336.    Defendants deny the allegations in paragraph 336 of the Complaint.

337.    Defendants deny the allegations in paragraph 337 of the Complaint.

338.    Defendants deny the allegations in paragraph 338 of the Complaint.

339.    Defendants deny the allegations in paragraph 339 of the Complaint.

340.    Defendants deny the allegations in paragraph 340 of the Complaint.

341.    Defendants deny the allegations in paragraph 341 of the Complaint and respectfully refer the Court to the referenced Marketing Book, which is in writing and speaks for itself.

342.    Defendants deny the allegations in paragraph 342 of the Complaint and respectfully refer the Court to the referenced Offering Circular, which is in writing and speaks for itself.

343.    Paragraph 343 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 343.

344.    Defendants deny the allegations in paragraph 344 of the Complaint.  To the extent paragraph 344 contains legal conclusions, no response is required.

345.    Defendants deny the allegations in paragraph 345 of the Complaint.

346.    Defendants deny the allegations in paragraph 346 of the Complaint.

347.    Defendants deny the allegations in paragraph 347 of the Complaint.

348.    Defendants deny the allegations in paragraph 348 of the Complaint.

349.    Defendants deny the allegations in paragraph 349 of the Complaint.

350.    Defendants deny the allegations in paragraph 350 of the Complaint.

351.    Defendants deny the allegations in the first through fifth sentences of paragraph 351 of the Complaint and respectfully refer the Court to the referenced Marketing Book, which is in writing and speaks for itself.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the sixth sentence, except deny such allegations to the extent that they are directed at Defendants.

352.    Paragraph 352 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 352 and respectfully refer the Court to the referenced Marketing Book, which is in writing and speaks for itself.

353.    Defendants deny the allegations in paragraph 353 of the Complaint and respectfully refer the Court to the referenced Marketing Book, which is in writing and speaks for itself.

354.    Paragraph 354 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 354.

355.    Defendants deny the allegations in paragraph 355 of the Complaint.

356.    Defendants deny the allegations in paragraph 356 of the Complaint and respectfully refer the Court to the referenced statistical analyses and models, which are in writing and speak for themselves.

357.    Defendants deny the allegations in paragraph 357 of the Complaint and respectfully refer the Court to the referenced statistical analyses and models, which are in writing and speak for themselves.

358.    Defendants deny the allegations in paragraph 358 of the Complaint and respectfully refer the Court to the referenced statistical analyses and models, which are in writing and speak for themselves.

359.    The first sentence of paragraph 359 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in the first sentence.  Defendants deny the allegations in the second and third sentences.

360.    Defendants deny the allegations in paragraph 360 of the Complaint and respectfully refer the Court to the referenced statistical analyses and models, which are in writing and speak for themselves.

361.     Defendants deny the allegations in paragraph 361 of the Complaint and respectfully refer the Court to the referenced statistical analyses and models, which are in writing and speak for themselves.

362.     Defendants deny the allegations in paragraph 362 of the Complaint.

363.     Defendants deny the allegations in paragraph 363 of the Complaint.

364.     Defendants deny that the allegations in paragraph 364 of the Complaint present a complete, accurate and fair characterization of the matters described therein.  To the extent a further response is required, Defendants deny the allegations in paragraph 364 to the extent that they are directed at Defendants.

365.     Defendants deny the allegations in paragraph 365 of the Complaint and respectfully refer the Court to the referenced statistical analyses and models, which are in writing and speak for themselves.

366.     Defendants deny the allegations in paragraph 366 of the Complaint.

367.     Defendants deny the allegations in paragraph 367 of the Complaint and respectfully refer the Court to the referenced statistical analyses and models, which are in writing and speak for themselves.

368.     Defendants deny that the allegations in paragraph 368 of the Complaint present a complete, accurate and fair characterization of the matters described therein.  To the extent a further response is required, Defendants deny the allegations in paragraph 368 to the extent that they are directed at Defendants.

369.     Defendants deny the allegations in paragraph 369 of the Complaint.

370.     Defendants deny the allegations in paragraph 370 of the Complaint.

371.    The first sentence of paragraph 371 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in the first sentence.  Defendants deny the allegations in the second and third sentences.

372.    Paragraph 372 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 372 and respectfully refer the Court to the referenced communications and Offering Documents, which are in writing and speak for themselves.

373.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 373 of the Complaint, except deny such allegations to the extent that they are directed at Defendants, and respectfully refer the Court to the referenced Analytical Review, which is in writing and speaks for itself.

374.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 374 of the Complaint, except deny such allegations to the extent that they are directed at Defendants, and respectfully refer the Court to the referenced Analytical Review, which is in writing and speaks for itself.

375.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 375 of the Complaint, except deny such allegations to the extent that they are directed at Defendants, and respectfully refer the Court to the referenced Analytical Review, which is in writing and speaks for itself.

376.    Paragraph 376 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 376, except deny such

allegations to the extent that they are directed at Defendants, and respectfully refer the Court to the referenced Analytical Review, which is in writing and speaks for itself.

377.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 377 of the Complaint, except deny such allegations to the extent that they are directed at Defendants, and respectfully refer the Court to the referenced Analytical Review, which is in writing and speaks for itself.  The second sentence contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in the second sentence.

378.    Paragraph 378 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 378.

379.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 379 of the Complaint, except deny such allegations to the extent that they are directed at Defendants, and respectfully refer the Court to the referenced Analytical Review, which is in writing and speaks for itself.

380.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 380 of the Complaint, except deny such allegations to the extent that they are directed at Defendants, and respectfully refer the Court to the referenced Analytical Review, which is in writing and speaks for itself.

381.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 381 of the Complaint, except deny such allegations to the extent that they are directed at Defendants, and respectfully refer the Court to the referenced Analytical Review, which is in writing and speaks for itself.

382.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 382 of the Complaint, except deny such allegations to the extent that they are directed at Defendants, and respectfully refer the Court to the referenced Analytical Review, which is in writing and speaks for itself.

383.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 383 of the Complaint, except deny such allegations to the extent that they are directed at Defendants, and respectfully refer the Court to the referenced Analytical Review, which is in writing and speaks for itself.

384.    Paragraph 384 of the Complaint contains no factual allegations requiring a response.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 384, except deny such allegations to the extent that they are directed at Defendants, and respectfully refer the Court to the referenced Analytical Review, which is in writing and speaks for itself.

385.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 385 of the Complaint, except deny such allegations to the extent that they are directed at Defendants, and respectfully refer the Court to the referenced Analytical Review, which is in writing and speaks for itself.

386.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 386 of the Complaint, except deny such allegations to the extent that they are directed at Defendants, and respectfully refer the Court to the referenced Analytical Review, which is in writing and speaks for itself.

387.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 387 of the Complaint, except deny such allegations to the

extent that they are directed at Defendants, and respectfully refer the Court to the referenced Analytical Review, which is in writing and speaks for itself.

388. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 388 of the Complaint and respectfully refer the Court to the referenced Analytical Review, which is in writing and speaks for itself.   To the extent paragraph 338 contains legal conclusions, no response is required.

389. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 389 of the Complaint, except deny such allegations to the extent that they are directed at Defendants, and respectfully refer the Court to the referenced Analytical Review, which is in writing and speaks for itself.

390. Defendants deny the allegations in paragraph 390 of the Complaint, except deny such allegations to the extent that they are directed at Defendants, and respectfully refer the Court to the referenced statistical analyses and models, which are in writing and speak for themselves.

391. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 391 of the Complaint, except deny such allegations to the extent that they are directed at Defendants, and respectfully refer the Court to the referenced Analytical Review, which is in writing and speaks for itself.

392. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 392 of the Complaint, except deny such allegations to the extent that they are directed at Defendants, and respectfully refer the Court to the referenced Analytical Review, which is in writing and speaks for itself.  Defendants deny the allegations in the second sentence.

393.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 393 of the Complaint, except deny such allegations to the extent that they are directed at Defendants, and respectfully refer the Court to the referenced Analytical Review, which is in writing and speaks for itself. Defendants deny the allegations in the third sentence.

394.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 394 of the Complaint, except deny such allegations to the extent that they are directed at Defendants, and respectfully refer the Court to the referenced Analytical Review, which is in writing and speaks for itself.

395.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 395 of the Complaint, except deny such allegations to the extent that they are directed at Defendants, and respectfully refer the Court to the referenced Analytical Review, which is in writing and speaks for itself.

396.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 396 of the Complaint, except deny such allegations to the extent that they are directed at Defendants, and respectfully refer the Court to the referenced Analytical Review, which is in writing and speaks for itself.

397.    Defendants deny the allegations in paragraph 397 of the Complaint.

398.    Defendants deny the allegations in paragraph 398 of the Complaint.

399.    Paragraph 399 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 399.

400.    Defendants deny the allegations in paragraph 400 of the Complaint.

401.    Defendants repeat and incorporate responses to the paragraphs referred to in paragraph 401 of the Complaint as if those responses were fully set forth herein.

402.    Paragraph 402 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 402.

403.    Paragraph 403 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 403.

404.    Paragraph 404 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 404.

405.    Paragraph 405 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 405.

406.    Paragraph 406 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 406.

407.    Defendants deny the allegations in paragraph 407 of the Complaint.  To the extent paragraph 407 contains legal conclusions, no response is required.

408.    The first sentence of paragraph 408 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in the first sentence.  Defendants deny knowledge or information sufficient to form a

belief as to the truth of the allegations in the second sentence, except deny such allegations to the extent that they are directed at Defendants.

409.    Paragraph 409 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 409.

410.    Paragraph 410 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 410.

411.    Defendants repeat and incorporate responses to the paragraphs referred to in paragraph 411 of the Complaint as if those responses were fully set forth herein.

412.    Paragraph 412 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 412.

413.    The first and second sentences of paragraph 413 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in the first and second sentences.  Defendants deny the allegations in the third sentence, except admit that BBPLC New York Branch and Barclays Capital share an office at 200 Park Avenue, New York, NY 10166.  Defendants deny the allegations in the fourth sentence and respectfully refer the Court to BBPLC's public filings that disclose Defendants' financial statements, which are in writing and speak for themselves.

414.    Paragraph 414 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 414.

415.    Defendants deny the allegations in paragraph 415 of the Complaint.

416.    Paragraph 416 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 416.

417.    Paragraph 417 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 417.

418.    Paragraph 418 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 418.

419.    Defendants repeat and incorporate responses to paragraphs referred to in paragraph 419 of the Complaint as if those responses were fully set forth herein.

420.    Defendants deny the allegations in paragraph 420 of the Complaint and respectfully refer the Court to the referenced Offering Documents, which are in writing and speak for themselves.

421.    Defendants deny the allegations in paragraph 421 of the Complaint and respectfully refer the Court to the referenced Offering Documents, which are in writing and speak for themselves.  To the extent paragraph 421 contains legal conclusions, no response is required.

422.    Paragraph 422 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 422.

423.     Paragraph 423 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 423, except deny such allegations to the extent that they are directed at Defendants.

424.     Paragraph 424 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 424.

425.     Defendants repeat and incorporate responses to the paragraphs referred to in paragraph 425 of the Complaint as if those responses were fully set forth herein.

426.     Paragraph 426 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 426.

427.     Defendants deny the allegations in paragraph 427 of the Complaint.

428.     Defendants deny the allegations in paragraph 428 of the Complaint and respectfully refer the Court to the referenced Offering Documents, which are in writing and speak for themselves.

429.     Defendants deny the allegations in paragraph 429 of the Complaint and respectfully refer the Court to the referenced Offering Documents, which are in writing and speak for themselves.  To the extent paragraph 429 contains legal conclusions, no response is required.

430.     Paragraph 430 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 430.

431.   Paragraph 431 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 431, except deny such allegations to the extent that they are directed at Defendants.

432.   Paragraph 432 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 432.

433.   Defendants repeat and incorporate responses to the paragraphs referred to in paragraph 433 of the Complaint as if those responses were fully set forth herein.

434.   Paragraph 434 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 434.

435.   Paragraph 435 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 435.

436.   Defendants deny the allegations in paragraph 436 of the Complaint.

437.   Paragraph 437 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 437.

438.   Paragraph 438 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 438.

439.    Paragraph 439 of the Complaint contains legal conclusions to which no response is required.

440.    Defendants repeat and incorporate responses to the paragraphs referred to in paragraph 440 of the Complaint as if those responses were fully set forth herein.

441.    Paragraph 441 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 441.

442.    Paragraph 442 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 442.

443.    Paragraph 443 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 443.

444.    Paragraph 444 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 444.

445.    Defendants repeat and incorporate responses to the paragraphs referred to in paragraph 445 of the Complaint as if those responses were fully set forth herein.

446.    Paragraph 446 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 446, except deny such allegations to the extent that they are directed at Defendants.

447.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 447 of the Complaint, except deny such allegations to the extent that they are directed at Defendants.

448.    Paragraph 448 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 448, except deny such allegations to the extent that they are directed at Defendants.

449.    Paragraph 449 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 449, except deny such allegations to the extent that they are directed at Defendants.

450.    Paragraph 450 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 450, except deny such allegations to the extent that they are directed at Defendants.

451.    Paragraph 451 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 451.

452.    Defendants repeat and incorporate responses to the paragraphs referred to in paragraph 452 of the Complaint as if those responses were fully set forth herein.

453.    The allegations in paragraph 453 of the Complaint relate to claims that were dismissed by the Court, and therefore no response is required.

454.    The allegations in paragraph 454 of the Complaint relate to claims that were dismissed by the Court, and therefore no response is required.

455.    The allegations in paragraph 455 of the Complaint relate to claims that were dismissed by the Court, and therefore no response is required.

456.    The allegations in paragraph 456 of the Complaint relate to claims that were dismissed by the Court, and therefore no response is required.

457.    The allegations in paragraph 457 of the Complaint relate to claims that were dismissed by the Court, and therefore no response is required.

458.    The allegations in paragraph 458 of the Complaint relate to claims that were dismissed by the Court, and therefore no response is required.

459.    Defendants repeat and incorporate responses to the paragraphs referred to in paragraph 459 of the Complaint as if those responses were fully set forth herein.

460.    The allegations in paragraph 460 of the Complaint relate to claims that were dismissed by the Court, and therefore no response is required.

461.    The allegations in paragraph 461 of the Complaint relate to claims that were dismissed by the Court, and therefore no response is required.

462.    The allegations in paragraph 462 of the Complaint relate to claims that were dismissed by the Court, and therefore no response is required.

463.    Defendants repeat and incorporate responses to the paragraphs referred to in paragraph 463 of the Complaint as if those responses were fully set forth herein.

464.    Defendants deny the allegations in paragraph 464 of the Complaint and respectfully refer the Court to the referenced Collateral Management Agreement between

Markov and SSgA dated May 1, 2007 (the "Collateral Management Agreement"), which is in writing and speaks for itself.

465.    Defendants deny the allegations in paragraph 465 of the Complaint and respectfully refer the Court to the referenced Collateral Management Agreement and Offering Documents, which are in writing and speak for themselves.

466.    Paragraph 466 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 466 and respectfully refer the Court to the referenced Collateral Management Agreement, which is in writing and speaks for itself.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following affirmative defenses, pleaded in the alternative to the extent they may be found inconsistent, and reserve their right to amend their Answer to assert other and further defenses when and if, in the course of its investigation, discovery or preparation for trial it becomes appropriate.  By designating these matters "defenses," Defendants do not intend to suggest either that Plaintiff does not bear the burden of proof as to such matters or that such matters are not elements of Plaintiff's *prima facie* case against Defendants.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

The Complaint fails to satisfy the pleading requirements of Fed. R. Civ. P. 9(b) and the PSLRA.

## THIRD DEFENSE

The purported claims against Defendants and the allegations upon which they are based are improperly vague, ambiguous and confusing.  Defendants reserve the right to request a more definite statement.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants acted with reasonable care and due diligence with respect to the matters alleged to have been misrepresented in or misleadingly omitted from the Offering Documents.  After reasonable investigation, Defendants had reasonable ground to believe, and did believe, that the statements contained in the Offering Documents were true and did not omit any material fact.

## FIFTH DEFENSE

Plaintiff's claims are barred because Defendants did not directly or indirectly induce any act or acts alleged in the Complaint to constitute a violation of any securities law or regulation.

## SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the alleged misstatements and omissions were not material to the investment decisions of a reasonable investor in view of, among other things, the total mix of available information.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because certain alleged misstatements are forward-looking statements accompanied by meaningful cautionary language and/or were made without actual knowledge that such statements were false or misleading and are therefore not actionable under the bespeaks caution doctrine.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because certain alleged misstatements contain expressions of opinion that Plaintiff has not alleged, and cannot prove, were not truly held.

## NINTH DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff did not reasonably rely on any alleged untrue or misleading statement of material fact when purchasing Markov.

## TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the substance of the material information that Plaintiff alleges to have been misrepresented or omitted was in fact disclosed in the Offering Documents, or was publicly available or widely known to the investing community and/or otherwise known to Plaintiff.

## ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed adequately to perform due diligence regarding Markov.

## TWELFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff knew, or should have known, of any alleged untruth or omission in the Offering Documents.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff assumed the risks disclosed in the Offering Documents, and any losses Plaintiff experienced were caused because those risks came to fruition.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff ratified the alleged wrongful acts and omissions alleged in the Complaint.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff would have purchased Markov even with full knowledge of the facts that it now alleges were misrepresented or omitted.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants neither owed nor breached any duty to Plaintiff to disclose information allegedly omitted in the Offering Documents, and had no duty to verify, opine upon, audit, review or correct such information disclosed in the Offering Documents.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants did not have "control" over any person alleged to be primarily liable.

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants did not have knowledge of, or a reasonable ground to believe in the existence of facts by reason of which the liability of any controlled person is alleged to have existed.

## NINETEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants were not the cause of any alleged injury, loss or damages suffered by Plaintiff.

## TWENTIETH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the injuries Plaintiff sustained, if any, were caused by the actions or inactions of parties other than Defendants, actions or inactions by parties outside the control of Defendants, or economic events that were, likewise, outside the control of Defendants.  These actions, inactions and events were intervening or superseding causes of Plaintiff's alleged damages.

## TWENTY-FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, because any alleged depreciation in the value of Markov resulted from factors other than the misstatements and omissions alleged in the Complaint.

## TWENTY-SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, because no alleged misstatement or omission caused, in whole or in part, any diminution in the value of Markov notes.

## TWENTY-THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has received payments as contemplated by the terms of the Markov notes it purchased and, accordingly, Plaintiff has not suffered any cognizable injury.

## TWENTY-FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because any recovery by Plaintiff would constitute an unlawful double recovery or unjust enrichment.

## TWENTY-FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff, at all relevant times, had a duty to take reasonable action to minimize any damages allegedly sustained as a result of

the facts alleged in the Complaint and failed to comply with that duty and is therefore barred from recovering any damages which might reasonably have been avoided.

## TWENTY-SIXTH DEFENSE

Defendants are entitled to recover contribution and/or indemnification from others for any liability they incur as a result of any of the alleged misrepresentations, omissions and conduct alleged in this action.

## TWENTY-SEVENTH DEFENSE

Defendants are entitled to recover as setoff all claim payments and other monies that Plaintiff has received in relation to Markov, including but not limited to, pursuant to insurance policies.

## TWENTY-EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the contracts between the parties, and by the contractual remedies and limitations contained in the parties' agreements.

## TWENTY-NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants satisfied and did not breach any contractual or legal duties they had to Plaintiff.

## THIRTIETH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants fully performed and satisfied their obligations under the contracts.

## THIRTY-FIRST DEFENSE

Plaintiff's claim for pre-judgment interest should be dismissed because the amount of damages (if any) was not readily ascertainable at the time Plaintiff's lawsuit was commenced.

## THIRTY-SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the appropriate statutes of limitations or repose.

## THIRTY-THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## THIRTY-FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel, waiver or other related equitable doctrines.

## THIRTY-FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands, *in pari delicto* or other related equitable doctrines.

## THIRTY-SIXTH DEFENSE

Other parties not named in the Complaint may be indispensable parties to this action.

## THIRTY-SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants had no duty to characterize disclosed facts pejoratively.

## THIRTY-EIGHTH DEFENSE

Certain claims asserted in the Complaint are barred, in whole or in part, to the extent any of Defendants' disclosures alleged in the Complaint were inadequate, any alleged inadequacies constituted harmless error or were cured by other adequate disclosures.

## THIRTY-NINTH DEFENSE

Certain claims asserted in the Complaint are barred, in whole or in part, because Defendants did not act with scienter or fraudulent intent.

59

### FORTIETH DEFENSE

Certain claims asserted in the Complaint are barred, in whole or in part, because Defendants acted in good faith.

### FORTY-FIRST DEFENSE

Certain claims asserted in the Complaint are barred, in whole or in part, because Plaintiff has failed to plead sufficient reasons to "pierce the corporate veil."

### FORTY-SECOND DEFENSE

Certain claims asserted in the Complaint are barred, in whole or in part, by the economic loss rule.

### FORTY-THIRD DEFENSE

Plaintiff is not entitled to punitive damages.

### FORTY-FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the alleged misstatements were mere puffery or were vague statements of optimism.

### FORTY-FIFTH DEFENSE

The claims asserted in the Complaint are contradicted by documentary evidence.

### FORTY-SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, for lack of standing.

### FORTY-SEVENTH DEFENSE

Defendants presently have insufficient knowledge or information upon which to form a belief as to whether there may be, as yet unstated, affirmative defenses available to Defendants, and therefore expressly (i) reserve the right to amend or supplement its Answer, defenses and all other pleadings, and (ii) reserve the right to (a) assert any and all additional defenses under any

applicable federal and state law in the event that discovery indicates such defenses would be appropriate, and (b) assert any cross-claims, counterclaims and third-party claims when and if they become appropriate in this action.

## PRAYER FOR RELIEF

WHEREFORE, Defendants request that this Court enter judgment:

1. Dismissing the claims against Defendants;

2. Ordering that Plaintiff take nothing;

3. Awarding Defendants reasonable costs and attorneys' fees; and

4. Awarding Defendants such other and further relief as the court deems just and proper.

Dated: New York, New York
        December 21, 2012

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By:   /s/ Meredith E. Kotler
        Meredith E. Kotler
        Arminda B. Bepko
        One Liberty Plaza
        New York, New York 10006-1470
        Phone: (212) 225-2000
        Facsimile: (212) 225 3999

        *Attorneys for Defendants Barclays Capital Inc., and Barclays Bank PLC*